IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARY MORROW,

    Petitioner,

v.	CASE NO. 4:05cv115-MMP/AK

WARDEN MILDRED RIVERA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus pursuant to § 2241, filed by Mary Morrow. She has paid the filing fee. In her petition, Petitioner complains that the sentencing court abused its discretion by imposing the equivalent of a life sentence on her, and that her counsel was ineffective for failing to argue against the sentence. She candidly admits that these issues were not presented in her § 2255 petition and that she has not exhausted her administrative remedies.

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  The question presented here is whether the savings clause of § 2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the legality of...detention," affords Petitioner any relief on this occasion.  In *Wofford v. Scott*, the Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."  *Id*. at 1245.  The question of actual innocence is not triggered until a determination is made that a petitioner can proceed under § 2241.  *Id*. at 1244 n.3.

Petitioner concedes that she did not present these claims in her § 2255 motion, arguing only that "§ 2255 was inadequate that it did not present" these claims.  The claim that the district court abused its discretion in imposing what amounted to a life sentence is a sentencing claim which should have been presented at sentencing or on direct appeal.  The claim that counsel was ineffective for not presenting this argument at sentencing is indisputably the type of constitutional challenge which should have been raised in Petitioner's § 2255 motion.  Because there is no retroactively applicable Supreme Court decision which has been rendered since Petitioner's sentencing or appeal or the § 2255 proceeding to "open the portal to a § 2241 proceeding," *id*., the savings clause of § 2255 is not triggered so as to allow this § 2241 habeas

corpus petition to proceed. Like the petitioner in *Wofford*, instant Petitioner "had a procedural opportunity to raise each of h[er] claims and have it decided at [sentencing] or on appeal," *id*. at 1245, or in a timely filed § 2255 motion. In this Court's view, Petitioner is "attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions," *id*., and the savings clause does not exist to free a prisoner from those restrictions.

Furthermore, Petitioner has not exhausted her administrative remedies, which might have included a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). A prisoner seeking § 2241 habeas relief must exhaust administrative remedies before filing suit in this Court. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). Where the available administrative remedies are unavailable or wholly inappropriate to the relief sought or where an attempt at exhaustion would be patently futile, exhaustion may be excused. *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). However, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" *id*. (citation omitted), and the petitioner bears the burden of demonstrating the futility of administrative review. *Id*.

The Bureau of Prisons provides inmates with an administrative remedy program to allow them "to seek formal review of an issue relating to any aspect of [their] confinement." 28 C.F.R. § 542.10. It is comprehensive and has many levels of review and is wholly appropriate for exploring the issue of release based on an inmate's health. Petitioner has not addressed any issue of futility, and the Court cannot fathom such an issue in this case.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **6th** day of April, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**